IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSE WETMORE,　　　　　　　　　　　　　　No. 3:20-cv-02274-HZ

　　　　　　　Plaintiff,　　　　　　　　　　　　　OPINION & ORDER

　　v.

KATE BROWN,

　　　　　　　Defendant.

HERNÁNDEZ, District Judge:

　　　　Pro se Plaintiff Jesse Wetmore brings this action against Defendant Oregon State Governor Kate Brown. Plaintiff moves to proceed *in forma pauperis*. Because he appears to have no appreciable income or assets, the Court grants the motion. However, for the reasons explained below, the Court dismisses the Complaint.

1 – OPINION & ORDER

**STANDARDS**

A complaint filed in forma pauperis may be dismissed at any time, including before service of process, if the court determines that:

(A) the allegation of poverty is untrue; or

(B) the action or appeal–

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (sua sponte dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989)

**DISCUSSION**

**I.   Allegations**

Plaintiff alleges Defendant is "breaking the Amendment 1 of our bill of rights (freedom of religion, press and expression) secret service came to take away and twitter over my freedom of speech also the right to go to church and peaceably assemble in the house of God." Compl. 1, ECF 1. He claims "PTSD [post-traumatic stress disorder] from the fak [sic] corona virus [sic] subliminal messaging. Nor being able to gather peaceably." *Id.* He seeks damages totaling $1,000,000—$500,00 for property damage and $500,00 for personal injury. *Id.*

## II.     Failure to State a Claim

As a preliminary matter, Plaintiff's claim of a conspiracy between Defendant, the Secret Service, and Twitter to "take away" his First Amendment right to freedom of expression is "clearly baseless," "fanciful," "delusional," and "lack[s] an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325-28. The Court therefore dismisses Plaintiff's freedom of expression claim with prejudice because the allegations are so patently frivolous.

In addition, Plaintiff's allegation that Defendant violated his right to free exercise of religion fails to state a plausible claim for relief. While a plaintiff is not required to plead "detailed factual allegations" to state a claim for relief, he must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "'[N]aked assertions' devoid of 'further factual enhancement'" do not state a plausible claim for relief. *Id* (quoting *Twombly*, 550 U.S. at 557).

The First Amendment's Free Exercise clause provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof[.]" U.S. Const. amend. 1. A plaintiff asserting a free exercise claim must demonstrate that the government action in question substantially burdens the plaintiff's practice of his religion. *Jones v. Williams*, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (citation omitted). "A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Ohno v. Yasuma*, 723 F.3d 984, 1011 (9th Cir. 2013)

(quoting *Guru Nanak Sikh Soc'y of Yuba City v. Cnty. of Sutter*, 456 F.3d 978, 988 (9th Cir. 2006) (internal quotation marks and alterations omitted)).

Here, the Complaint fails to plead facts sufficient to allege a plausible free exercise claim. Plaintiff does not specify what government action he is challenging or how Defendant substantially burdened the practice of his religion. The Complaint, for example, is devoid of any allegations that Defendant caused Plaintiff to violate his religious beliefs. Accordingly, the Court dismisses the Complaint and gives Plaintiff leave to amend to state a claim upon which relief may be granted.

## CONCLUSION

Plaintiff's application for leave to proceed *in forma pauperis* [5] is GRANTED. Plaintiff's Complaint [1] is DISMISSED with leave to amend as to his free exercise claim only. Plaintiff may file an amended complaint, curing deficiencies noted above, within 30 days of this order.

IT IS SO ORDERED.

DATED: \_\_March 12, 2021\_\_\_\_\_.

*Marco Hernandez*

MARCO A. HERNÁNDEZ
United States District Judge

4 – OPINION & ORDER